IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETER J. JENSEN, <br> TDCJ #512096, <br>     Plaintiff, <br><br> v. <br><br> WARDEN STAPLES, *et al.*, <br><br>     Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. H-08-2596 |

## **MEMORANDUM AND ORDER**

State inmate Peter J. Jensen (TDCJ #512096) has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Jensen proceeds *pro se* and he requests leave to pursue his claims *in forma pauperis*. Jensen has supplemented his complaint with an offender grievance form regarding his allegations. After conducting a preliminary review of the pleadings pursuant to 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons set forth below.

### I.    BACKGROUND

Jensen is in custody of the Correctional Institutions Division of the Texas Department of Criminal Justice (collectively, "TDCJ") at the Pack I Unit in Navasota. Jensen sues several prison officials employed by TDCJ at the Pack I Unit facility, including Warden Staples, Major Rice, and Officer Clear. Jensen also sues the "inmate trust fund" and its director, Gilbert Capuzano. His complaint concerns an incident that occurred in May of 2008.

Jensen complains that, on May 18, 2008, Officer Clear stole items of personal property from Jensen's cubicle, including a box of envelopes and some hygiene products. Jensen claims that Officer Clear also confiscated some legal work that Jensen apparently was doing for another inmate. As a result, Jensen reportedly was charged with "trafficking and trading" in violation of prison rules. Jensen claims that Officer Clear stole these items of personal property in retaliation for a lawsuit that Jensen had filed previously. Jensen asserts that Warden Staples "gave Officer Clear permission to steal" Jensen's personal items.

Jensen seeks compensatory and punitive damages for the theft of his property. Jensen also seeks injunctive relief in the form of a court order to transfer him from TDCJ to federal custody. The Court concludes that the complaint must be dismissed for reasons set forth below.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or

malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must

be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.   DISCUSSION

The complaint in this case concerns the conditions of plaintiff's confinement in TDCJ. Under the PLRA, an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law." 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2382-83 (2006); *see also Jones v. Bock*, — U.S. —, 127 S. Ct. 910, 918-19 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable grievance procedures before filing a federal civil rights lawsuit related to prison conditions. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

TDCJ has a formal two-step administrative grievance process. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). A Step 1 grievance, which is reviewed by officials at the inmate's assigned facility, must be filed within fifteen days of the alleged incident or challenged event. *See Johnson*, 385 F.3d at 515. Once an inmate receives a response to his Step 1 grievance, he then has up to ten days to file a Step 2 grievance to appeal an unfavorable result. *See id.* Step 2 grievances are reviewed at the state level. *See id.* A Texas prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement. *See id.* (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

The incident that forms the basis of Jensen's complaint allegedly occurred on May 18, 2008. The complaint includes a Step 1 grievance that Jensen filed on July 18, 2008, two months after the incident occurred. (Doc. # 1, Exhibit, Step 1 Grievance #2008183817). The grievance reflects that it was returned on July 21, 2008, because Jensen filed it outside the applicable time period. In that regard, Jensen did not file his Step 1 grievance within fifteen days of the incident that forms the basis of his complaint. *See Johnson*, 385 F.3d at 515. Thus, Jensen failed to comply with prison grievance procedures.[1]

---

[1] Likewise, the Step 1 grievance presented by Jensen makes no reference to Warden Staples, Major Rice, the inmate trust fund, or Director Capuzano, and mentions only Jensen's allegation that Officer Clear stole items of his personal property in violation of prison rules. Therefore, Jensen failed to comply with TDCJ procedure by presenting his claims against all of the defendants in both a Step 1 and Step 2 grievance in compliance with prison procedure.

The Supreme Court has emphasized that the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2387 (2006), which demands compliance with prison procedural rules. Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *See id.*, 126 S. Ct. at 2389-90. As the Fifth Circuit has observed, "TDCJ has promulgated a detailed, complex, and carefully thought-out program to facilitate the filing of grievances and assure their prompt, dispassionate investigation." *Wright*, 260 F.3d at 358. An untimely grievance, such as the one filed by Jensen in this case, frustrates administrative review of inmate complaints and is not sufficient to satisfy the exhaustion requirement. *See Wright*, 260 F.3d at 358; *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001); *Trevino v. Herrera*, 61 F. App'x 922, 2003 WL 1107319 (5th Cir. Feb. 20, 2003).

The Fifth Circuit has held that a district court "can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 238 (5th Cir. 2007) (citing *Jones*, 127 S. Ct. at 920-91 (holding that courts can dismiss for failure to state a claim when the existence of an affirmative defense, like a statute of limitations bar, is apparent from the face of the complaint)). The complaint in this case is supplemented by a Step 1 grievance which shows that Jensen he did not present his claims in compliance with prison procedure. Because it appears clear from these pleadings that Jensen has failed to exhaust available administrative remedies before filing suit in federal court, his complaint

must be dismissed for failure to state a claim upon which relief can be granted.

## IV.   CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Peter Jensen (TDCJ #512096) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on August 29th , 2008.

*(signature)*

Nancy F. Atlas
United States District Judge